**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Christopher B. Hadley, 14055**
cbhadley@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiffs*
Parah, LLC and Ozonics, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PARAH, LLC**, a Texas limited liability company, **OZONICS, LLC**, a Texas limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>**INFORMATION UNLIMITED, INC.,** a New Hampshire Corporation,<br><br>        Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Civil Case No. 2:14-cv-00504-PMW<br>Magistrate Judge Paul M. Warner<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Parah, LLC and Ozonics, LLC in support of their Complaint for patent infringement, allege as follows:

### NATURE OF ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

6622188_1

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Parah, LLC is a Texas limited liability company having its principal place of business at P.O. Box 598 Lake Jackson, Texas 77566 and is referred to herein as "Parah."  Parah owns the patents-in-suit and exclusively licenses them to co-plaintiff Ozonics, LLC.

3.      Plaintiff Ozonics, LLC is a Texas limited liability company having its principal place of business at P.O. Box 598 Lake Jackson, Texas 77566 and at www.ozonicshunting.com and is referred to herein as "Ozonics."  Ozonics, as an exclusive licensee of the patents-in-suit, sells unique, patented ozone generator systems throughout the United States, including this judicial district.  Ozonics and Parah are collectively referred to herein as "Plaintiffs," or "Ozonics" for simplicity.

4.      Defendant Information Unlimited, Inc. is a New Hampshire Corporation, having its principal place of business at P.O. Box 716, Amherst, NH 03031-0716, 19 Brook Road, Mont Vernon, NH 03057 and at www.amazing1.com and is referred to herein as "Information Unlimited."  Upon information and belief, Information Unlimited makes, imports, sells and distributes ozone generators throughout the United States, including this judicial district.

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

6.      This Court possesses personal jurisdiction over the Defendant because upon information and belief, Defendant knowingly and intentionally committed acts of patent

6622188_1

infringement at least in this District, including the sale, offering for sale and/or advertising of infringing products in this District.  Defendant regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District.  Defendant does business over the internet by offering an interactive website that permits the purchase of infringing products to be sent to this District. Defendant's website further encourages repeated interactions by allowing purchasers to create an account, including a username and password for future access and provides consumers the ability to join a newsletter mailing list.  Defendant's interactive website purposely directs activity to Utah by clearly allowing business with Utah residents.  Defendant has sold the accused products in this judicial district.

## GENERAL ALLEGATIONS

7.      Plaintiffs own or exclusively license a valid and enforceable United States patent, U.S. Patent No. 8,404,180 ("the '180 Patent"), entitled "Method of Descenting Hunter's Clothing."  The '180 Patent issued on March 26, 2013.  A copy of the '180 Patent is attached as Exhibit A.

8.      Plaintiffs own or exclusively license a valid and enforceable United States patent, U.S. Patent No. 8,557,177 ("the '177 Patent"), entitled "Method of Descenting Hunter's Clothing."  The '177 Patent issued on October 15, 2013.  A copy of the '177 Patent is attached as Exhibit B.

9.      Defendant makes, imports, uses, offers to sell and sells ozone generators to descent hunter's clothing ("Ozone Generators") that infringe one or more claims of the '180 Patent and the '177 Patent (also collectively referred to as the "patents-in-suit").  Examples of

6622188_1

Defendant's accused Ozone Generator products (OZONE30 and OZONE40-OD for Outdoors Use) from its website are attached as Exhibit C.

10.     Upon information and belief, Defendant has actively induced others and contributed to the infringement by others, such as consumers, to make, import, use, offer for sale and/or sell its Ozone Generators that infringe the '180 Patent and '177 Patent by, among other things, by specifically making, marketing and promoting the Ozone Generators to be used in the outdoors by hunters in a manner that infringes the patents-in-suit.  Defendant is also contributing to infringement by inducing third parties to use the Ozone Generators in a manner that infringes the patents-in-suit.  Defendant intended to cause these acts, which they knew or should have known would induce or contribute to direct infringement of the patents-in-suit by others.

11.     At no time have Plaintiffs given the Defendant permission, license or authorization to use Plaintiffs' patented ozone generator technologies.

12.     Despite having knowledge of Plaintiffs' patent rights, the Defendant has continued and will likely continue to willfully and deliberately engage in acts of infringement of the patents-in-suit unless enjoined by this Court.

13.     Defendant's continued making, using, importing, selling, offering for sale and distribution of the accused Ozone Generators has injured, is injuring and will continue to cause irreparable injury to Plaintiffs' valuable patent rights and market.

## FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,404,180 Under 35 U.S.C. § 271)

14.     Plaintiffs re-allege and incorporate by this reference the preceding allegations of this Complaint.

4

6622188_1

15.     Parah is the owner of the '180 Patent and Ozonics is the exclusive licensee. Plaintiffs have standing to sue for infringement of the '180 Patent.

16.     Defendant's actions as described above, and specifically Defendant's unauthorized manufacture, use, importations, offers to sell, and sales of the accused Ozone Generators, constitute infringement of the '180 Patent under 35 U.S.C. § 271.

17.     Defendant is infringing, as well as inducing and contributing to infringement of, the '180 Patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling, in this district, the accused Ozone Generators and inducing third parties to use the Ozone Generators in a manner that infringe the '180 Patent.   When one properly operates the accused Ozone Generators, one practices the claimed methods of the '180 Patent and thus directly infringes the '180 Patent.   The accused Ozone Generators are a material part of the claimed method of the '180 Patent, are especially made and/or adapted for use in a method that infringes the '180 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

18.     Plaintiffs are entitled to an injunction prohibiting the Defendant from further making, using, importing, selling or offering to sell the accused Ozone Generators without permission or license from Plaintiffs under 35 U.S.C. § 283.

19.     Plaintiffs are entitled to disgorgement of Defendant's profits resulting from Defendant's infringing activities and from infringing activities Defendant has induced as damages under 35 U.S.C. § 284.

20.     Defendant's continued manufacture, use, import, offers to sell, and sales of the accused Ozone Generators after notice of this Complaint are deliberate and constitute a willful

infringement of the '180 Patent.  Plaintiffs, therefore, are entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,557,177 Under 35 U.S.C. § 271)

21.     Plaintiffs re-allege and incorporate by this reference the preceding allegations of this Complaint.

22.     Parah is the owner of the '177 Patent and Ozonics is the exclusive licensee. Plaintiffs have standing to sue for infringement of the '177 Patent.

23.     Defendant's actions as described above, and specifically Defendant's unauthorized manufacture, use, importations, offers to sell, and sales of the accused Ozone Generators, constitute infringement of the '177 Patent under 35 U.S.C. § 271.

24.     Defendant is infringing, as well as inducing and contributing to infringement, of the '177 Patent, in violation of 35 U.S.C. § 271(b) and (c), including by selling, in this district, the accused Ozone Generators and inducing third parties to use the accused Ozone Generators in a manner that infringes the '177 Patent.  When one properly operates the accused Ozone Generators, one practices the claimed methods of the '177 Patent and thus directly infringes the '177 Patent.  The accused Ozone Generators are a material part of the claimed method of the '177 Patent, are especially made and/or adapted for use in a method that infringes the '177 Patent, and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

25.     Plaintiffs are entitled to an injunction prohibiting the Defendant from further making, using, importing, selling or offering to sell the accused Ozone Generators without permission or license from Plaintiffs under 35 U.S.C. § 283.

26.     Plaintiffs are entitled to disgorgement of Defendant's profits resulting from Defendant's infringing activities and from infringing activities Defendant has induced as damages under 35 U.S.C. § 284.

27.     Defendant's continued manufacture, use, import, offers to sell, and sales of the accused Ozone Generators after notice of this Complaint are deliberate and constitute a willful infringement of the '177 Patent.   Plaintiffs, therefore, are entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiffs Parah and Ozonics pray for a judgment in their favor and against Defendant Information Unlimited as follows:

A.     An adjudication that Defendant has infringed the '180 Patent;

B.     An adjudication that Defendant has infringed the '177 Patent;

C.     The Court grant preliminary and permanent injunctive relief enjoining Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other abiding, abetting, or acting in concert or active participation therewith, from using directly or indirectly the accused Ozone Generators in any manner whatsoever that is found to infringe the '180 Patent and/or the '177 Patent; and from making, using, importing, selling or offering for sale the accused Ozone Generators;

7

D.     The Court order that Defendant account to Plaintiffs for all sales, revenues and profits derived from the sale of the accused Ozone Generators, and that three times Defendant's profits be disgorged and paid to Plaintiffs pursuant to 35 U.S.C. § 284;

E.     The Court award Plaintiffs, at its election, against Defendant, either treble or statutory damages pursuant to 35 U.S.C. § 284;

F.     A declaration that this case is exceptional and that the Court award Plaintiffs, against Defendant, the costs of this action and reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285, and the equity powers of the Court;

G.     The Court award Plaintiffs prejudgment interest against Defendant on all sums allowed by law; and

H.     The Court award such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the laws of the United States.

Dated this 9th day of July, 2014.

HOLLAND & HART LLP

/s/ L. Grant Foster
L. Grant Foster
Brett L. Foster
Christopher B. Hadley

*Attorneys for Plaintiffs*
Parah, LLC and Ozonics, LLC

8

6622188_1